CLEVELAND & CAMERON v. J. P. WILLIAMS.

(No. 2766, Op. Book No. 4, p. —.)

APPEAL from McLennan County. Opinion by WILL-SON, J.

§ 443. *Garnishment; liability of garnishees on accepted orders; equitable assignment.* Our conclusions of fact deduced from the record are as follows: 1. Neil & Kelley were justly indebted to Williams in the sum of $538.03, and this was a firm indebtedness. 2. Cleveland & Cameron had funds in their hands, or were expected to have, belonging to the firm of Neil & Kelley, to be paid out upon the indebtedness of said firm, but the exact amount of these funds had not been ascertained. 3. Neil, of the firm of Neil & Kelley, in the name of the firm, drew an order in favor of Williams upon Cleveland & Cameron, for the amount due by the firm to Williams. Williams presented this order to Cleveland & Cameron, and was told by Cleveland to leave the order with the book-keeper of Cleveland & Cameron, and if, upon settlement with Neil & Kelley, there should be anything due them by Cleveland & Cameron, the order would be paid. Williams left the order with the book-keeper, as directed, on October 4, 1882. 4. On the 14th October, 1882, Cleveland & Cameron, as shown by their own statement, accepted, in precisely the same qualified and conditional manner in which they had accepted Williams' order, several other orders drawn in the name of Neil & Kelley, upon them, for sums aggregating $1,067.15. Prior to this, July 15, 1882, they had in some manner accepted a similar order for $115.76, this being the only order accepted by them

197

prior to the presentation and acceptance of the Williams order. 5. Three of the orders claimed by Cleveland & Cameron to have been accepted by them on the 14th October, 1882, aggregating $413.05, were orders drawn by Neil in payment of his individual debts, and Cleveland & Cameron were notified of this fact by Kelley, and told by Kelley not to accept or pay them, which they promised Kelley they would not do. 6. About November 27, 1882, Cleveland & Cameron had a final settlement with Neil & Kelley, by which it was ascertained that Cleveland & Cameron had in their hands, belonging to Neil & Kelley, the sum of $1,330.88, which sum was to be held and paid out by them on the debts of Neil & Kelley. 7. That on the 27th October, 1882, Cleveland & Cameron were garnished at the suit of John Carson upon an indebtedness of $147.97 due Carson by Neil & Kelley, which garnishment proceeding was still pending at the time of the trial of this cause. 8. In November, 1882, Williams withdrew his order from Cleveland & Cameron, and instituted this proceeding to recover his debt. This he did on account of certain facts ascertained from Cleveland.

It is contended by Cleveland & Cameron that the drawing of the orders by Neil & Kelley operated as an equitable assignment of the fund upon which the same were drawn *pro tanto*, and that they became liable to pay said orders to the holders, to the extent of the funds in their hands, whether they had accepted said orders or not. In so far as this proposition affects the orders drawn by Neil in settlement of the firm debts of Neil & Kelley, it is correct. It is well settled that an order drawn upon a particular fund, followed by notice of such order to the drawee, is an equitable assignment of the money of the drawer in the hands of the drawee to the amount of such order. [1 Wait's Acts. & Defs. 363; 1 Dan. Neg. Inst. sec. 20 et seq.] And to give the orders the effect of such equitable assignment, it is not required that they should be accepted by the drawee. It is the execution and delivery of the order to the payee that constitutes the assignment of the

fund upon which it is drawn, and not the acceptance of it by the drawee. [Anderson v. De Soer, 6 Gratt. (Va.) 364; Cutts v. Perkins, 12 Mass. 205; 1 Dan. Neg. Inst. sec. 21 et seq.; 1 Wait's Acts. & Defs. 577.] But in so far as the orders given by Neil in settlement of his individual indebtedness are concerned, they did not have the effect to assign any portion of the funds, or to remove one cent of it beyond the reach of the creditors of Neil & Kelley. Neil had no authority to settle his individual indebtedness with funds belonging to the firm, and Cleveland & Cameron had notice of the illegality of these orders. If they saw fit to disregard this notice and make themselves liable to pay them, they must abide the consequences. They cannot set up such liability or loss against a firm creditor. The three orders drawn by Neil in settlement of his individual indebtedness, aggregating $413.05, must not be taken into consideration in determining the issues. This sum deducted from the amount accepted by garnishees, viz., $1,182.91, leaves $769.86 of the indebtedness of Neil & Kelley for which garnishees had accepted orders. This deducted from $1,380.88, acknowledged by garnishees to be in their hands, leaves $611.02, which is more than sufficient to satisfy Williams' debt. This calculation excludes also the debt of Carson, for which they had also been garnished. If the orders given by Neil & Kelley operated as an assignment of the fund *pro tanto*, then these orders must take precedence of Carson's debt, and be satisfied before any portion can be appropriated by Carson's attachment. If Cleveland & Cameron have suffered Carson to obtain a judgment for his debt, they knowing and being able to prove that the funds had been assigned to other creditors of Neil & Kelley, they cannot set up such judgment in bar of the claims of such other creditors. Mr. Drake, in his work on Attachments, says: "If, at any time prior to judgment against a garnishee, he become aware of an assignment of his debt made before the garnishment, it is his duty to bring that fact to the attention of the court, in order that, if practicable, the

assignee may be cited to substantiate his claim, or that the court may withhold judgment. If the garnishee, knowing the existence of such an assignment, make no mention of it in his answer, the judgment against him will be no protection to him against an action by the assignee." [Drake on Attach. § 716.] In our opinion, the acceptance of Williams' order having operated to assign the fund to him to the extent of the amount called for by it, that much of the fund was his property, and it mattered not by what proceeding he endeavored to recover it, whether by suit against Cleveland & Cameron as acceptors, or by garnishment against them, he was equitably entitled to have it adjudged to him.

Affirmed, and motion for rehearing overruled.